Number 25 1201 Trujillo v. Amity Plaza Please proceed May it please the court. My name is Jessica McBryant and I represent the plaintiff appellant Catherine Trujillo This case concerns the fundamental right of a tenant to be safe in their own home a right protected by the Fair Housing Act The district court granted summary judgment by adopting a dangerously narrow view of vicarious liability One that effectively grants one free rate to housing providers. So long as the perpetrator is a maintenance worker rather than a manager We asked this court to reverse for three reasons first legal error first what legal error? The court misapplied the aided in agency exception by requiring supervisory authority contradicting the restatement second of agency section 219 2d and 24 CFR section 100.7 B second factual error the record shows Martinez's agency relationship provided the unique access and color of authority he used to facilitate his assault and third Procedural error the court's sua sponte grant of summary judgment in favor of Martinez violated federal rule of civil procedure 56f On the agency. I know you'll deal with this in your own criminal in your own order, but I Do I'm unclear? Did he have? Other assigned work in the building or did he just have it in the area? Before the rape. I mean, I know he had access to Some building was at the very building that the victim was living in or was there a different building but in the complex My understanding is he had access to both buildings through the master key, but he was working in the other building in the complex So he was working in the other building and and did he need? Did he need work access to get to the building that the plaintiff was in or not? No, your honor He didn't need special access. No, you're on anybody could have walked into that building. Correct. Thank you. Sure The district courts primary legal error was the imposition of a supervisory Requirement that exists nowhere in the law of agency or the Fair Housing Act The district court may not have labeled its requirement managerial But by holding that a maintenance worker access and uniform are insufficient to create a nexus It created a rule where only management level quid pro quo conduct triggers liability That is a reversible departure from the FHA's broad remedial purpose and the plain language of the statute Well counsel, let me stop you there and I appreciate you kind of couching that or your argument in They function the district court functionally made that rule. I mean it did not state the rule That you're saying it imposed Correct. Your honor. He did not state that only managers Can trigger liability for by vicarious liability under the Federal Housing Act? However, his ruling imposed a requirement for quid pro quo conduct Meaning what? How does that transfer to a man managerial role meaning that sorry your honor? yes, and meaning that the district court found that if a employee of a housing authority did not have the ability to Change the terms of a lease or to restrict management Services or things like that quid pro quo authority Because mr. Martin. What's the quidman? That I you're using that term again So help me understand what the quid is The quid is if you do not do these sexual favors for me or other things in response I will not sell this apartment for you, or I will not send out my maintenance worker to you That is the quid pro quo and under do you ever say that was that ever threatened? No, your honor and that is our concern with the district court's order is that he never said that or threatened that but the Final rule the HUD's final rule states that there's two types of housing discrimination The first is section 100 point 600 a 1 which is quid pro quo Discrimination the second a 2 is hostile environment discrimination and that's what occurred here and the district court did not Analyze or consider that type of harassment in his order Well what I've stopped you so what what tests should be imposed? Do you think what legal test? Sure, your honor. It's a totality of the circumstances test and it's under the Restatement second of agency for the aided in age Totality leading to what? Leading to the harassment well, don't you have to don't you have to somehow connect the the harasser with The victim in some way don't you have to come up with a test? You can't say well the totality Well, I mean the totality as to what what is the conclusion the conclusion under both the aided in agency and totality of the circumstances they work together so aided in agency is that an agent can be liable for Sorry, the employer can be liable for the agents conduct the totality of the circumstances test is under the final rule the HUD's final rule for finding Discrimination in housing. So it's based on pervasiveness of contact severity of contact things like that. So Combining them together did the employers granting of access and authority and things like that allow him to Pervasively or didn't grant access anybody could have had access. You just said that Sure, your honor, but this is different than a stranger off the street This was an entire grooming process that occurred over months and it was facilitated. You know on the grooming I expect there might have been some of that but it seems to me that this relationship between the defendant and the victim had changed from from one of a property owner to one of She was trying to market some of her Artwork through him and Wasn't that the main part of the I mean the earlier things to fix things in the apartment would was done So wasn't this a completely unrelated to the apartment? the only interest that the two of them had other than his ulterior interest, of course was The only interest she had was not related to being a tenant at all Right, I understand your point your honor and I believe it's the point that the district court and the defense made and their arguments but we disagree because the relationship began with the The targeted meeting that was mandated by the employer and there were once it begins With a tenant landlord relationship that that that controls forever after that I Don't agree with that your honor. That's not what we're at the point We are trying to end it started that way, but you've already agreed that the current relationship was more of a commercial relationship, so If it didn't if it wasn't destined to last forever because it began as a landlord tenant relationship What triggers the end of that and how does it morph into a traditional just normal commercial relationship? And I think that's the point under the totality of the circumstances and in this circumstance it started with the targeted meeting and it continued still under his color of authority and Almost all of their meetings if not all of them He was wearing a uniform and all of their contacts over the phone He was using a work provided cell phone and he had a master key and you can see that But he didn't use the master key this time. He his uniform didn't matter this time Anybody had access to this apartment. She had it unlocked. So I just don't see any nexus to his work status and the access that led to the rape I Understand your point your honor. I think in order to find that nexus you need to look at mr He owes testimony and her testimony regarding the frequency and length of her meetings and phone calls with Martinez Provides the most direct evidence of the aided nature of the harassment She testified that she did not answer these calls out of personal interest But because she was intimidated of him and scared of him as a representative of her housing complex who possessed Master keys to her home and that's at volume 3 pages 153 through 159. Thank you. Go ahead with your You've answered my questions. Thanks. Okay Under the HUD is 2016 final rule a housing providers agent holds a position of power and authority over a resident regardless of their specific duties By requiring a specific work order at the exact moment of the rape the district court ignored the reality that Martinez's agency status aided every step of his path to her door and The district courts logic that implies that if an agent cannot evict you or withhold services from you Their harassment doesn't count unless it's quit pro quo. It's this is a direct Directly refuted by the final rule which states that an agent's power exists regardless of the agent's duties in addition 24 CFR section 100 point 400 c2 provides the interference includes the loss of enjoyment of a dwelling and 24 CFR section 100 point 600 a1 and a twos Explicitly and plainly outlined that there are two types of harassment one quid pro quo and one hostile environment by definition a hostile environment exists when unwelcome conduct is sufficiently severe or pervasive to create an intimidating or offensive living situation a Tenant who was raped in her bedroom by a man with a master key Has suffered a total collapse of her housing security and ultimate interference with her privileges of residency regardless of whether her lease remains intact Can I ask you about what I'll Frame as the trend in the law and the application of the exception here and As your brief, I think correctly notes. There's not Supreme Court or a lot of circuit law that applies The agency or aided by agency exception and the Fair Housing Act context But L earth which is not a FHA case Tells us the restatement is a good starting point But my understanding is you quoted restatement second Restatement third has removed the aided by agency exception from it because the trend from courts has been to Be concerned about how expansive vicarious liability can become so, can you address? How we should be thinking of this exception in the FHA context Narrowly or broadly when it seems like the trend is it should be exceedingly narrow. Sure. You're on a good question I think liability should still be limited to cases where the agency relationship actually facilitated the harm and when a landlord gives a predator a uniform a paycheck a company phone and he used that company phone previously to Harass a co-worker and then use that company phone again to harass miss Trujillo They have aided his ability to commit that harassment Well, but in the title 7 context elderith talks about proximity and regular contact With sort of a pool of persons that could become victims and how that may not be sufficient So here it would seem to me that access to the apartment is key and you're nodding your head So I think you agree with that But judge ebell asked I think a good point about sort of a nexus between that access and the facts here So, I mean if we're gonna draw a line on access It's makes me a little uncomfortable to say it's whether or not the door is locked or not But how can we draw a line as to where access then facilitates this conduct? I do think it needs to be a case-by-case basis And in this case a man in a uniform who wore a ski mask to do commit a rape I don't think that unlocked door would have stopped him and he had the keys to be able to enter her apartment anyways Your honors if I may reserve additional time unless you have other questions you'd like me to address. Thank you Good Morning may it please the court My name is Shannon Hurley and I have the privilege of representing Amity Plaza LLC and the Littleton Housing Authority doing business as South Metro housing options I asked to reserve five minutes of my time for my co-counsel to address the claims brought against. Mr. Martinez Today we asked the court affirm the district courts grant of summary judgment for three reasons First the district court properly interpreted that the aided by agency theory is based on common law tort principles Second there's no question of material fact to support a finding of vicarious liability under the aided by agency doctrine and third There's no question of material fact supporting a finding of direct liability for the housing defendants Turning to point one the district court properly interpreted the aided by agency doctrine is based on common law principles and strict liability is not appropriate Plaintiff's argument effectively asked the court to hold the employers are strictly liable for misconduct of the employees in the housing context Plaintiff contends that the lower court incorrectly concluded that the aided by agency theory only applies to supervisory level conduct Which is not the conclusion the court reached nor the requirement under the case law With this argument plaintiff is asking to expand the application of vicarious liability in the FHA Context by arguing the existence of the employment relationship is enough to create a question of fact for the jury The lower court took the undisputed facts and applied the limited case law in this context and appropriately rejected the argument when granting summary judgment Furthermore Supreme Court president and HUD regulations do not support adopting a more strict standard of the aided by agency doctrine For example an LRF a title 7 case that's often relied upon in the Fair Housing Act cases Noted that the aided by agency requires the existence of something more than the employment relationship itself Because the aided by agency exception allows for the imposition of vicarious liability based on the agents misuse of delegated authority similarly in Meyer v Holly the Supreme Court overturned a Ninth Circuit opinion that made corporate owners and officers liable for the unlawful acts of their corporate employees because of the right to control The Supreme Court expressly disagreed with the Ninth Circuit that the FHA extended traditional vicarious liability rules in this way Well counsel, can I can I stop you there? Yes, I understand your argument is that Basically you're opposing counsel's arguing for Any employment relationship is enough basically But I think they're arguing you gave the person a Master key a uniform and Superior access to to whatever Isn't that enough to put you over the edge? Under the witness cell phone, right? Sorry, could you have phone? Yes under the The similar district court rulings of LaCour Pelfrey and Boswell there has to be some connection with those With the delegated authority that was actually used in the commission of the harassment and here the court correct Well, how about the phone the phone? Well was a work phone. It was the communication started With and was about his family about his family problems in his art There wasn't the undisputed evidence wasn't that it was sexually harassing in nature that it was similar to the communications in LaCour Which were initiated by plaintiff after the defendant in that case the defendant employee had reached out to let the tenant know that they've had their application have been approved and so there has to be an actual connection between the use of the delegated authority and the actual harassment aren't they arguing that The phone calls just it was a part of a grooming process. I mean start Friendly and then Go somewhere else with the relationship. I think that the plaintiffs didn't develop that there isn't a there hasn't been a Presentation of material fact that this was in fact grooming. There's no expert Opinions or testimony on that for plaintiff to rely on that to create a dispute of material fact and the focusing on the facts That aren't in dispute and that are supported by the record doesn't show that this was Necessarily grooming that Miss Trujillo's own words was that there He used his friendship and faith to have a relationship with her You know what one one fact that is missing from this case, which is really troublesome to me Is that Miss Trujillo? apparently never told Emily Plaza about This Improper relationship until after the rape occurred and never gave them notice and yet now She's trying to hold them liable isn't there some obligation to tell a landlord was After the rape when the landlord knew about they said well, we'll move you to a different location. We'll change the keys But but you're holding your seat Your client is seeking to hold them liable when they never were advised that there was a problem in the first place So it's it's I guess it's an absolute liability that you're asserting here But is there any obligation to give them a chance to correct the problem? under the the 24 CFR 107 100.7 B Um Candidly, I don't think there is a requirement that they have actual notice They could have constructive notice or that this aided by agency. So it's an absolute liability is what you're arguing I'm I'm not arguing that it's absolute liability. I'm arguing that there is there has to be a nexus between the harassment and the in the employment relationship That point I'm arguing that plaintiff contends that there's absolute liability when there is an employer-employee They don't need any notice or any opportunity to Step in and correct the problem even though even though the plaintiff knew that I Mean she knew that this had been morphing into a bit of a personal relationship even before the the rape I think I mean she had tried to sell artwork through him and they had met in his car and so forth. I Think that goes to illustrate that This wasn't you that this was a mutual relationship that he wasn't using his employment to facilitate his conduct and facilitating and any alleged harassment of plaintiff and that that's the Distinguishment of where there isn't a nexus between his employment and why and the actual harassment that was alleged the May 3rd 2021 sexual assault Counsel, can I ask you about the nexus? Do we know from the record whether mr Martinez could access apartment units without notice or permission of the tenants that was not developed in the record your honor So what if in this case the morning of the sexual assault? Mr. He had locked her door and mr. Martinez then used his master key to enter would Amity Plaza then be vicariously liable I think at that point then we are looking at the he was aided by his having the keys and access to as a per And so then you're looking at a situation where under the aided by agency exception Amity Plaza could be found liable Okay, so the the line drawing exercise here if you will depends on whether the door is locked I don't think it's as simple as the door is locked But whether or not the tools of employment were used to gain access to the to the plaintiff in the case Well, even if the door was locked, I presume he would have knocked First and She would have still opened it So there's there is an evidence that he knocked prior to entering or that's a fact in dispute But they were on the phone throughout the day the morning leading up to him coming over to her apartment he said he was coming over and had warned her that he was coming over and She still left the door unlocked. I In terms of her ability individually to sue him, but I don't see how that increases or Creates any culpability on behalf of the landlord. I mean, I think I think that is where Amity Plaza and South Metro housing options finds that there's not an opportunity to rectify any poor behavior if they don't have notice of that, but I think looking at The agency case law there that our hands are tied with that if he used his tools of Employment as a vehicle by which to perpetrate his harassment Even if they didn't have notice then they could potentially be liable for that, but that's ultimately a question for the jury Counsel both parties this morning have cited to us the HUD regulations But how much weight should we give to HUD's interpretation of common law principles? Well since the Loper decision that the court shouldn't be giving deference to those to the HUD regulations Because it's an agency Regulation and that they should look at the the statute traditional Statutory construction and looking at that the backdraw it is common law Tort and tort and vicarious liability principles and looking at that there has to be something more than an employer just a simple employer employee relationship and that Justifies the position that the defendants are taking and your honor. I'm just at the end of my time We ask that the court affirm the district courts ruling on summary judgment and remand this with further proceedings consistent with it. Thank you Good for you, you're one of the few people that honors their split time Good morning, may it please the court? My name is Caitlin Shatokovsky and I have the privilege of representing defendant appellee Frank Martinez We asked this court to affirm the entry of summary judgment in favor of mr Martinez as there are no disputes of material fact that would support mr. Heo's direct FHA claim against mr. Martinez that was not resolved by the housing defendants motion The law permits district courts at the summary judgment phase to resolve matters sui sponte The district court did so here and although mr. Heo was not given advance notice. She has shown no prejudice The grant of summary judgment was appropriate and should not be reversed on appeal Mr. Heo presented all of her evidence on the FHA claims and has failed to identify any Evidence or arguments that she would have presented to the district court had she received advance notice and an opportunity to respond Before the motion was granted as to mr. Martinez Indeed the district courts determination was based on issues identical to those raised by the housing defendants So, mr Heo was given the opportunity to respond to those arguments and present any evidence undermining the district courts ruling The allegations of wrongdoing against mr Martinez would have to be established as a violation of the FHA to support a claim of vicarious liability against the housing defendants the district court specifically identified all alleged facts of wrongdoing by mr Martinez and Determined that there is no nexus between his employment as a maintenance employee and the alleged harassment Those findings were sufficient to determine there was no underlying violation of the FHA for which It could hold the housing defendants vicariously responsible There is no evidence or allegation that mr. Martinez exercised any authority in his role to take advantage of or pressure. Mr Heo, I would like to add that these are only allegations of harassment and there has been no finding of rape There were no criminal charges brought and mr. Martinez testified that he believed this to be a mutual friendship Mr. Martinez worked as a maintenance technician. He had no authority to identify potential tenants or set terms of housing What might be expected in the FHA context would be uninvited use of keys to access the unit or refusal to perform? Requested repairs. There is no such allegation or evidence here Mr. Martinez did not visit. Mr. Heo under the guise of making repairs or even a maintenance stop He communicated that he wanted to visit her on a personal reason and advised that he had accepted another position Before he visited her on May 3rd, 2021 There is no reasonable basis for mr. Heo to believe that. Mr Martinez used his role as a maintenance technician to commit the wrongdoing There would be no purpose for the aided in agency exception If all that is required is an introduction between the tenant and an alleged harasser by virtue of the employment relationship That would be more like a but for and strict liability test Mr. Heo has not shown any prejudice for the dismissal other than the ability inability to prosecute her claim There can be no prejudice when mr. Heo had no other evidence or alternate legal theories to marshal Mr. Heo made no arguments to the district court or to this court regarding the additional evidence She would have it consider with regard to direct liability against. Mr. Martinez under the FHA on Appeal. Mr. Heo argued for the first time that her arguments as to mr Martinez's liability are the same as those arguments that she made as to the housing defendants Mr. Heo has no other arguments or evidence to present in support of this claim For the same reason summary judgment is appropriate on the housing defendants motion for summary judgment regarding vicarious liability Summary judgment is appropriate on mr. Heo's direct liability claim against. Mr. Martinez The law supports the district courts grant of summary judgment in favor of mr. Martinez on behalf of mr Martinez I ask that this court affirm the district courts order confirming the grant of summary judgment as to her claim against mr Trujillo or against mr Martinez and affirm the district courts discretionary decision to decline to exercise supplemental jurisdiction over the state law claim I take it. I asked the other counsel this was Martinez in plaintiffs building for maintenance on the day of the Building because it was open With the remaining two seconds judge. I'd may I proceed. Thank you My understanding from the record your honor is that mr Martinez had responded to a maintenance call at a different building and he called in advance of entering her building before visiting her apartment Thank you. Thank you Try to go quick Your honors this was more than just a simple employee relationship and that's not what we're arguing By granting Martinez the status as an official representative of the housing department They provided him the architecture of his predation his uniform functioned as a badge of trust that lowered. Mr Heo's guard his master keys provided the physical access that rendered her bedroom door a fiction and According to her testimony it scared her and intimidated her and his authorized job site presence and work phone ensured the constant and pervasive contact Necessary to isolate and intimidate her under the aided an agency doctrine The assault was not a detour from his duties to argue that there is no nexus because the assault happened without a work order or use of the key is To ignore the entire path of that assault was paved by the employers grant of authority access and professional credibility As to the arguments to mr. Martinez personally a Mutual friendship does not mean that someone shows up to your door in a ski mask and rapes you He was not there for friendship or a personal call when he called her seven times that morning with his personal or with his Work provided cell phone. She told him not to come over The additional arguments and facts that we would have presented had the district court not sua sponte granted summary judgment While the MSJ response to the housing authority Noted that Martinez spoke to Trujillo full briefing would have used his deposition to show a calculated pattern of using his professional access to groom her this includes the high frequency of random visits in his uniform his phone calls and His intentionally exploitation the color of authority provided by eminent counsel part of the presentation We just heard though was not just what happened the district court but what's missing perhaps from your brief here before this court meaning It's I'm looking at it. I think two paragraphs in your opening brief about why this sua sponte grant for mr Martinez was inappropriate and as I read it, it's fully derivative of the other arguments of vicarious liability against amity plaza So why isn't that correct? your honors, I believe the Court of Appeals is allowed to Remand or reaffirm based on anything in the record. So there are additional facts in the record I'm over time. Thank you very much. Your honors. Thank you Thank You counsel you are excused and